UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x   Case No.:
WE SERVE NJ LLC d/b/a WE SERVE LAW LLC

        Plaintiff,

  -against-


        Defendants
SWIFT SERVE LEGAL LLC f/k/a ESERVE LLC,
ALAN W GLIKMAN a/k/a ALAN B GLIKMAN,
DAVID IFRAIMOV a/k/a DAVID IFRAMOV a/k/a DEVID
IFRAIMOV, and UNKNOWN DOES 1 - 5
------------------------------------------------------------------------x

## COMPLAINT WITH JURY DEMAND

Plaintiff, We Serve NJ LLC, by and through its undersigned counsel, as and for its complaint against the Defendants alleges the following based on personal knowledge, information and belief, and due investigation:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of the action pursuant to 28 USC §§ 1331 and 1338, by virtue of infringement on plaintiff's copyright.

2.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1367 by virtue of common law misappropriation of trade secrets and deceptive practices pursuant to the laws of the State of New York.

3.    The Court has personal jurisdiction over the Defendants because they regularly transact or have transacted business in the Eastern District of New York by, for example, constantly and continuously procuring clients for service of process and other legal services that were provided in the Eastern District of New York.

4.    Additionally, this Court has personal jurisdiction over the Defendants because all Defendants reside in the District.

1

5. Venue is proper in this Court pursuant to 28 USC § 1391(b) and (c) in that a substantial part of the events or omissions giving rise to the claims contained herein occurred in this district and one or more of the Defendants is subject to personal jurisdiction herein.

## PARTIES

6. Plaintiff We Serve NJ LLC ("WSL") is a limited liability company formed and existing under the laws of the State of New Jersey.

7. Defendant Swift Serve Legal LLC ("SSL") is a limited liability company formed and existing under the laws of the State of New York, is located in Kings County, and was formed under its formerly known name of eServe LLC.

8. Defendant Alan W Glikman a/k/a Alan B Glikman ("Alan") is an individual residing at 2402 63rd St Apt C9, Brooklyn, NY 11204 and 2990 Avenue Z, Brooklyn, New York.

9. Defendant David Ifraimov a/k/a David Iframov ("David") is an individual residing at 2237 East 73rd Street, Brooklyn, NY 11234.

10. David and Allen are SSL's only members and have full control of SSLs business.

11. Unknown Does 1-5 are individuals or business entities which, upon information and belief, conducted and conduct activities causing Plaintiff's to incur and suffer damages. The identities, addresses and names of Unknown Does 1-5 are currently unknown and will be obtained through discovery.

## FACTUAL ALLEGATIONS

12. Plaintiff WSL is in the business of litigation support services from 2013.

13. Since 2015, WSL operates primarily via its website www.weservelaw.com. It offers various services to the legal profession including nationwide process service, notary services, skip trace services, and document retrieval.

14. Throughout the years, WSL developed proprietary methods to acquire and retain clients, communicate with providers, and obtain popularity within the world-wide-web via, among other things,

2

keywords and content that form effective results pursuant to various search engine optimization ("SEO") algorithms.

15. WSL's proprietary business approach allowed WSL to evolve into a million dollar business.

16. From approximately July 2018 through approximately April 2019, Defendant Alan worked for WSL as a full spectrum apprentice and was involved in most of WSL's business transactions and operations.

17. In December 2019, Alan organized eServe LLC and in March 2020, opened a domain known as www.eservelaw.com.

18. Eservelaw.com had just a one letter differential with WSL's website www.weservelaw.com. It was a carbon copy of WSL's website containing identical content, keywords, and offers for services.

19. Due to identical similarity in design, content, and even the domain name, and theft of WSL's SEO and content, eservelaw.com came up right next to weservelaw.com when customers were looking for WSL services via internet search engines.

20. Realizing that SSL and Alan were infringing on WSL's intellectual property and misappropriating trade secrets via unfair competition, in or around August 2021, WSL informed SSL and Alan that it was intending to bring forth claims against them based on trademark infringement under 15 USC § 1125(a), common law infringement, unfair competition, and copyright infringement under 17 USC § 501.

21. Around October 25, 2021, WSL, Alan and SSL reached a settlement agreement which was reduced to writing and was executed by Defendant David on behalf of SSL, which at that time was known by its former name "eServe LLC".

22. The agreement memorialized that in exchange for WSL's release, eServe LLC will, among other things, cease using WSL's intellectual property and the very similar name "eservelaw" which was also part of its domain name.

23. During the time of negotiations and settlement with the Defendants, WSL obtained registrations for its trademark and the website content.

24. On June 11, 2021, WSL obtained registration of its service mark "WE SERVE LAW" by registering it in the principal register with the USPTO bearing serial number 90877514 ("The Mark").

25. WSL is also the rightful owner of a copyright an original work that is duly registered within the public copyright catalog pursuant to the Copyright Act (17 USC § 101 *et seq*) since August 11, 2021, bearing registration number TX 009-002-070. The copyright covers WSL's entire website (www.weservelaw.com) and all of its content ("The Work", see Exhibit "A").

26. Defendants were on notice of WSL's entitlement to its website content during the course of the settlement negotiations. Nevertheless, while the negotiations were ongoing, Defendants:

  i. On August 24, 2021, registered a domain known as http://swiftservelegal.com; and

  ii. On August 25, 2021, changed their company name from eServe LLC to Swift Legal LLC.

27. Defendants' new domain (http://swiftservelegal.com) is a slight modification of their prior domain eservelaw.com. Mainly, realizing that they are entering into a settlement with WSL, they removed the word "eserve" from their website and domain name to avoid liability.

28. The new domain contains content from The Work, allowing it to be returned as a provider to customers searching for services that are similar to WSL's, thereby confusing the public, infringing on WSL's rights, and unfairly competing with WSL's business.

29. WSL brings this lawsuit to recover damages and seeks an injunction enjoining the Defendants from further infringing on WSL's rightful ownership of The Work.

30. Defendants infringed on The Work, misappropriated WSL's trade secrets, and proprietary information. Specifically, Defendants stole WSL's metadata, communication samples for client retention, and WSL's proprietary scripts utilized to streamline the business.

31. The fact that SSL's website is less that 1 year old and it shows up right next to WSL's website (Exhibit "B") on google search results is evidence that the Defendants misappropriated The Work, WSL's trade secrets, and are unfairly competing with WSL by providing confusingly similar, yet inferior services to customers.

32. Alan and David are SSL's members that were the active conscious force behind the infringement.

33. Upon information and belief, Alan and David utilize SSL as their alter ego. Upon information and belief:

    i. SSL has no formalities – it has no operating agreement, minutes for its business, nor records/reasons for making name changes and engaging a different website;

    ii. SSL is utilized as Alan's and David's bank account – it has no separate record keeping and is used to pay Alan's and David's expenses;

    iii. SSL is generally not undercapitalized and was completely dominated by Alan and David – it does not have sufficient funds for ongoing operations;

    iv. SSL was used to commit fraud against WSL, specifically, to evade the eservelaw infringement and establish the new website swiftservelegal which causes WSL financial damages;

    v. SSL has no separate existence and is Alan's and David's alter-ego - Alan and David completely dominate SSL by using it to commit fraud, specifically, to operate infringing websites and utilize The Work for personal gain;

34. SSL is operated by its members to the point where the company form and proptections must be disregarded, thereby warranting that its veil be pierced and personal liability imposed on its members.

**COUNT I-COPYRIGHT INFRINGEMENT [PURSUANT TO 17 USC § 501]**
**(against all Defendants)**

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs up to the first count of this action as if fully set forth at length herein.

36. WSL owns the website entitled www.weservelaw.com.

37. The website is an original work that is copyrightable under title 17 of the USC, to wit, the Copyright Act of 1976.

38. WSL is the original creator and sole rightful owner of The Work, a registered copyright encompassing the entire content of WSL's website www.weservelaw.com (Exhibit "A").

39. The Work contains protectable elements afforded copyright protection. Said elements include, but are not limited to the unique content, expressions, and wording that is utilized for successful SEO and client retention.

40. The Work was secured by years of effort and advertising effected by the expenditure of substantial time and money and its business development methods were honed to target specific clients, obtain specific providers, and perform specific services to the point where WSL became a million dollar business.

41. The Work's copyright was registered on 8/11/2021. Subsequent to its issuance, Defendants infringed upon The Work by starting their website http://swiftservelegal.com on 8/24/2021.

42. While working for the Plaintiff, Defendant Alan had access to all of WSL's proprietary data.

43. In an egregious breach of trust and confidence while in WSL's service, he used his time to misappropriate and copy The Work and created 2 substantially similar websites: http://eservelaw.com and, when faced with a lawsuit, subsequently attempted to cover his tracks and created http://swiftservelegal.com.

44. Defendants' latest website contains carbon copies of The Work:








45. Defendants' website also contains metadata and search terms that effectively place it on top of the search results right next to WSL's website, despite having virtually no web-presence compared to WSL. (Exhibit "B").

46. Due to Defendants' infringement, Plaintiff is seeking an injunction pursuant to 17 USC § 502.

47. Plaintiff is also seeking recovery of either actual damages in the form of Plaintiff's losses and Defendants' profits pursuant to 17 USC § 504(b) or statutory damages that this Court deems just pursuant to 17 USC § 504(c)(1) and for willful infringement pursuant to 17 USC § 504(c)(2) along with reasonable attorney fees pursuant to 17 USC § 505.

**COUNT III- CONTRIBUTORY COPYRIGHT INFRINGEMENT [PURSUANT TO 17 USC § 501]**
**(against Defendants Alan and David)**

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs up to the first count of this action as if fully set forth at length herein.

49. Alan and David, in their capacities as owners of Defendant SLL, have caused SSL to use a copy of The Work in offering and operating SSL's services on its website swiftservelegal.com.

50. By doing so, Alan and David have substantially and materially contributed to the infringement of The Work.

51. Upon information and belief, by reason of such acts, Alan and David caused customers to utilize its services although in reality, Plaintiff's services were expected.

52. As a proximate result of the acts of Alan and David heretofore described, Plaintiff has been and will continue to be damages in an amount as yet to be determined.

53. As a result of Alan's and David's contributory copyright infringement, Plaintiff WSL is entitled to damages, attorneys' fees and costs under sections 504 and 505 of the Copyright Act, 17 USC § 501 *et seq.* and, as an alternative to statutory damages, WSL, at its election prior to judgment, is entitled to recover its actual damages and any additional profits of Alan and David attributable to the contributory infringement pursuant to 17 USC §§ 504 and 505.

**COUNT III- MISAPPROPRIATION OF TRADE SECRET [PURSUANT TO NEW YORK LAW]**
**(against all Defendants)**

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs up to the first count of this action as if fully set forth at length herein.

55. WSL developed its own unique approach to procure and service its customers. Specifically, WSL possesses trade secrets in form of particular key words that resulted in customer acquisition, streamlined scripts for communications with customers and providers, and proprietary methods for locating said providers.

56. WSL's trade secrets allow it to obtain and keep an advantage over its competitors.

57. Defendants Alan worked for the Plaintiff and had a confidential relationship with regard to WSL's secrets. Although Alan owed a duty to be a faithful servant to WSL, he utilized his position to steal and misappropriate WSL's trade secrets, and share them with the other Defendants to gain a profit.

58. Plaintiff therefore seeks recovery of its actual losses, Defendants' profits gained as a result of misappropriation of Plaintiff's trade secret and a permanent injunction to prevent further injury.

## COUNT IV- DECEPTIVE PRACTICES [PURSUANT TO NY GBL § 349]
### (against all Defendants)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs up to the first count of this action as if fully set forth at length herein.

60. Defendants misappropriated Plaintiff's trade secrets, website content, wording, and business scripts in order to establish their own competing business.

61. Defendants are seeking to provide services to consumers that seem similar to Plaintiff's services, yet in fact are of inferior and different quality because Defendants do not have the expertise or know-how comparable to the Plaintiff.

62. Defendants' use of Plaintiff's proprietary information directed at consumers is an act of deception, because while Defendants attempt to offer similar services, they are unable to properly provide them.

63. Defendants deceptive acts of utilizing The Work and Plaintiff's trade secrets is misleading to consumers and caused Plaintiff financial damages.

64. For these reasons, Plaintiff is seeking recovery of financial damages it suffered as a result of Defendants' deceptive practices in an amount to be determined at trial.

## JURY DEMAND

Plaintiff demands a trial by jury of all triable issues pursuant to FRCP § 38 and the 7th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against every Defendant:

    a) An order entering judgment in favor of the Plaintiff and against the Defendants, jointly and severally;

b) An order temporarily preliminarily, and permanently enjoining Defendants from engaging in the unlawful behavior describe above, pursuant to, *inter alia,* 17 USC § 502;

c) An order awarding Plaintiff actual damages in form of Plaintiff's losses and Defendants' profits pursuant to 17 USC § 504(b) or, alternatively, statutory damages pursuant to 17 USC § 504(c)(1);

d) An order finding that Defendants Alan and David committed acts of contributory infringement in violation of 17 USC § 501;

e) An order awarding damages for willful infringement pursuant to 17 USC § 504(c)(2);

f) An order awarding reasonable attorney fees pursuant to 17 USC § 505;

g) An order awarding damages and applicable injunctions pursuant to pendant New York law based claims; and

h) Any other and further relief as this Court deems just and propr.

Dated: June 20, 2022

_____
Lust & Leonov, P.C.
Attorneys for Plaintiff
By: Roman Leonov, Esq.
75 Maiden Lane, #606
New York, NY  10038
(212) 518-1503
RLeonov@VaLeLawGroup.com